UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
REZIA LUKE,

                Plaintiff,

        - against -

SUNWING TRAVEL GROUP,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-6141 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

        Before the Court is Defendant Sunwing Travel Group's ("Sunwing") motion to dismiss the complaint of Plaintiff Rezia Luke for lack of personal jurisdiction. For the reasons below, the Court grants Sunwing's motion. Plaintiff, who is proceeding *pro se*, may file an amended complaint thirty (30) days after close of the limited jurisdictional discovery outlined below.

## BACKGROUND

**I.    Factual Background**

        The Complaint alleges the following facts, which the Court accepts as true for purposes of this motion. *See Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).

        In late August 2020, Plaintiff, a New York resident, was a guest at the Royalton Luxury Resorts in Cancun, Mexico, which Sunwing owns. (Complaint, Dkt. 2, at 2–3.) When Plaintiff was entering the resort with a friend, the sliding doors at the main entrance "swiftly closed on [] Plaintiff lodging her right foot in the process." (*Id.* at 3.) Plaintiff fell to the floor in severe pain. (*Id.*) "[F]irst responders" were contacted and "Plaintiff was placed in a wheel chair [sic] and eventually taken to the nearest hospital." (*Id.*) She received treatment there, and additional treatment when she returned to New York. (*Id.*) As a result of the accident, Plaintiff "suffered a

1

displaced traverse fracture through the previously fused distal/middle phalangeal unit of [her] little toe." (*Id.*)

## II.     Procedural Background

On June 29, 2020, Plaintiff sued Sunwing in the Southern District of New York, invoking the court's diversity jurisdiction. (*Id.* at 1–2.) The district court there directed the parties "to submit a brief statement addressing whether [the Southern District was] a proper venue for this action." (*See* Dkt. 5 at 1.) After Plaintiff submitted a response (Plaintiff's Brief in Response to Court Order ("Pl. Cause Br."), Dkt. 6), the court concluded that it lacked personal jurisdiction over Sunwing, but "that Plaintiff arguably could show that Defendant is subject to the Eastern District's personal jurisdiction." *Luke v. Sunwing Travel Grp.*, No. 20-CV-4964 (LLS), 2020 WL 7360413, at *3 (S.D.N.Y. Dec. 14, 2020). The case was transferred to this Court on December 14, 2020.[1] (*See* Dkt. 7.)

On March 24, 2021, Sunwing requested a pre-motion conference in anticipation of moving to dismiss based on lack of personal jurisdiction. (*See* Defendant's Motion for Pre-Motion Conference ("Def. Br."), Dkt. 17.) The Court construed the request as a motion to dismiss and set

---

[1] Although the court observed that "Plaintiff fails to allege any facts suggesting that Defendant is subject to the Court's personal jurisdiction," its analysis concerned the propriety of venue in the district, not personal jurisdiction in New York more generally. *Luke*, 2020 WL 7360413, at *2–3. The court's discussion of district-specific personal jurisdiction thus related to 28 U.S.C. § 1391(d), the venue statute, which provides that a "corporation shall be deemed to reside in any district in th[e] State within which its contacts would be sufficient to subject it to personal jurisdiction *if that district were a separate State*, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d) (emphasis added). The court therefore transferred the case on the basis that Plaintiff did "not state sufficient facts to show that th[e] [Southern] District is a proper venue" under 28 U.S.C. § 1391. *Luke*, 2020 WL 7360413, at *2–3. As the court noted, "[d]istrict courts have broad discretion in [transferring cases based on venue,] and notions of convenience and fairness are considered on a case-by-case basis." *Id.* at *3 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)).

a briefing schedule. (*See* 03/25/2021 Docket Order.) The parties completed briefing on April 30, 2021. (*See* Dkt. 29.)

## LEGAL STANDARD

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) when that defendant is not subject to the court's personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). "[T]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 167–68 (2d Cir. 2015) (citation omitted). "This prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citation and quotations omitted). "In determining whether a plaintiff has met this burden, [courts] will not draw argumentative inferences in the plaintiff's favor, nor . . . accept as true a legal conclusion couched as a factual allegation." *Id.* (citations and quotations omitted).

Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). "[A] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (brackets omitted).

## DISCUSSION

### I. Legal Standard – Personal Jurisdiction

"To determine personal jurisdiction, a federal district court [first] applies the long-arm statute of the state in which it sits." *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 149

3

(2d Cir. 2019).  "If the long-arm statute permits personal jurisdiction, [the court] analyze[s] whether personal jurisdiction comports with due process protections established under the Constitution."  *Eades*, 799 F.3d at 167–68 (citation omitted).

    A.    **New York's Long-Arm Statute**

New York's long-arm statute is Civil Practice Law & Rules § 302(a).  *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010).  Section 302(a) provides personal jurisdiction over a defendant who (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state"; (2) "commits [certain] tortious act[s] within the state"; (3) "commits [certain] tortious act[s] without the state causing injury to person or property within the state"; or (4) "owns, uses or possesses any real property situated within the state."  N.Y. C.P.L.R. § 302(a).  Further, the plaintiff's "cause of action [must] aris[e] from" these contacts.  *Id.*

"Proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities [in New York] were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Eades*, 799 F.3d at 168 (citation and brackets omitted); *accord Al Rushaid v. Pictet & Cie*, 68 N.E.3d 1, 7 (N.Y. 2016).  A "substantial relationship exists where at least one element [of the plaintiff's cause of action] arises from the New York contacts . . . ."  *D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1176 (N.Y. 2017) (citation and quotations

omitted). As discussed below, New York's long-arm statute, Section 302, in effect, provides for "specific," not "general," personal jurisdiction.[2]

**B.     Due Process**

"The Fourteenth Amendment's Due Process Clause limits a state court's power to exercise jurisdiction over a defendant." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). There are "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

        1.     General Jurisdiction

"A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State." *Id.* (quoting *Goodyear*, 564 U.S. at 919). "General jurisdiction, as its name implies, extends to 'any and all claims' brought against a defendant." *Id.* (quoting *Goodyear*, 564 U.S. at 919). "Those claims need not relate to the forum State or the defendant's activity there; they may concern events and conduct anywhere in the world." *Id.* "But that breadth imposes a correlative limit: Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020).

---

[2] "General personal jurisdiction in New York is governed by Civil Practice Law and Rules, Section 301," and also must comport with Due Process. *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020).

2. <u>Specific Jurisdiction</u>

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019) (quoting *Walden v. Fiore*, 571 U.S. 277, 283–84, (2014)). "It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co.*, 141 S. Ct. at 1024. "The contacts needed for this kind of jurisdiction often go by the name 'purposeful availment.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* (citation, quotations, and brackets omitted). "The contacts must be the defendant's own choice and not random, isolated, or fortuitous." *Id.* (citation and quotations omitted). "They must show that the defendant deliberately reached out beyond its home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Id.* (citation, quotations, and brackets omitted).

"Yet even then—because the defendant is not 'at home'—the forum State may exercise jurisdiction in only certain cases." *Id.* The plaintiff's claims "'must arise out of or relate to the defendant's contacts' with the forum." *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017)). That is, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (brackets omitted) (quoting *Bristol-Myers*, 137 S. Ct. at 1780).

## II. Plaintiff Fails to Adequately Allege a Basis for Personal Jurisdiction

Plaintiff does not adequately plead a basis for personal jurisdiction over Defendant Sunwing. The Complaint alleges that Sunwing (1) "transacted business throughout the United States, including in [New York];" (2) "participated in selling travel packages throughout the United States, including in [New York];" (3) "had and maintained substantial aggregate contacts with the United States as a whole, including [New York];" and (4) "engaged in conduct that was directed at, and had a direct, substantial, reasonably foreseeable and intended effect of causing injury to, persons staying as guests at resorts owned and operated by [Sunwing] including [] Plaintiff located in, the United States, including [New York]." (Complaint, Dkt. 2, at 2.) The Complaint further alleges that "Defendant[] also conduct[s] business throughout the United States, including in [New York], and [has] purposefully availed [itself] of the laws of the United States." (*Id.*)

First, Plaintiff does not assert sufficient grounds for general jurisdiction over Sunwing. The Complaint alleges that Sunwing "is a resident of Canada." (*Id.*) Nothing in the Complaint suggests that Sunwing "is 'essentially at home' in [New York]." *See Ford Motor Co.*, 141 S. Ct. at 1024 (quoting *Goodyear*, 564 U.S. at 919). To the extent the Complaint alleges that Sunwing "transacted business throughout the United States, *including* in [New York]," and "maintained substantial aggregate contacts with the United States as a whole, *including* [New York]," (Complaint, Dkt. 2, at 2 (emphasis added)), such contacts are not a "truly exceptional case," where "a corporate defendant may be treated as essentially at home" in New York, *Chufen Chen*, 954 F.3d at 498. Rather, "given that it is common for corporations to have presences in multiple states . . . , general jurisdiction would be quite the *opposite* of 'exceptional' if such contacts were held sufficient to render the corporation 'at home' in the state." *Brown v. Lockheed Martin Corp.*,

7

814 F.3d 619, 630 (2d Cir. 2016); *see also Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (concluding that a bank that "has branch offices in the forum, but is incorporated and headquartered elsewhere," was not subject to general jurisdiction in New York).

Second, Plaintiff fails to adequately allege long-arm or specific jurisdiction. The incident that gave rise to Plaintiff's claim occurred in Cancun, Mexico. (*See* Complaint, Dkt. 2, at 2.) Although the Complaint asserts that Sunwing "transacted business" and sold travel packages "in [New York]" (*id.*), "[i]t is not enough that a non-domiciliary defendant transact business in New York to confer long-arm jurisdiction," *D & R Glob. Selections*, 78 N.E.3d at 1176. Rather, as noted, a plaintiff's "cause of action [must] aris[e] from" those business transactions. *See* N.Y. C.P.L.R. § 302(a).

Plaintiff asserts in her Opposition to Defendant's motion to dismiss that she is a New York resident and that "Defendant's website [] attracted her to visit the Defendant's resort in Mexico, where she was injured." (Plaintiff's Brief in Response and in Opposition to Defendant's Motion to Dismiss ("Pl. Br."), Dkt. 27, at 3.) Similarly, in her response to the Southern District's order to show cause, Plaintiff alleged that "Defendant actively targets New York residents and residents of [New York], such as the Plaintiff, who, through the Defendant's direct advertising, was able to book a direct flight servicing New York to Cancun, Mexico and also a return flight after staying at Defendant's resorts." (Pl. Cause Br., Dkt. 6, at 2.) According to Plaintiff, "Defendant's website [] attracted her to visit [Sunwing's] resort in Mexico." (*Id.*)

But that is insufficient to establish personal jurisdiction. This is a premises liability and negligence action. Plaintiff alleges she "became severely injured when [] sliding doors [on Defendant's property in Mexico] suddenly and swiftly closed on [her,] lodging her right foot in the process." (Complaint, Dkt. 2, at 3.) No element of Plaintiff's claim turns on Sunwing's

8

conduct in New York. That Plaintiff saw the advertisement and booked her trip on Sunwing's website while in New York is insufficient, because "out-of-state injuries do not suffice for jurisdiction under § 302(a)(1) when their only connection to New York is that they were sustained in the course of an activity that was advertised and contracted for within the state." *See Doe v. Nat'l Conf. of Bar Examiners*, No. 16-CV-264 (PKC), 2017 WL 74715, at *10 n. 18 (E.D.N.Y. Jan. 6, 2017) (quoting *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 46 (2d Cir. 2016)); *cf. Kerman v. InterContinental Hotels Grp. Res. LLC*, No. 20-CV-1085 (PKC) (PK), 2021 WL 930253, at *4 (E.D.N.Y. Mar. 11, 2021) (dismissing a slip-and-fall claim against a hotel chain, despite the plaintiff's allegation that the defendant's contacts with New York were "directed at advertising and drawing business to [its] establishments world-wide," because "the duty, breach, and injury all arose or transpired in the foreign forum" where the plaintiff fell).

Plaintiff also argues that "Sunwing Travel Group, through its Airline 'Sunwing[,']' frequently [has] arriv[als] and departures in both La Guardia and JFK Airports" and "will therefore have physical booking agents or representatives serving New York residents . . . who may be contemplating flying to the Defendant's destinations, inclusive of Cancun Mexico." (Pl. Cause Br., Dkt. 6, at 2.) Again, however, Plaintiff's alleged injury stems from the defective operation of a door in Sunwing's Resort in Cancun. That event is not substantially related to Sunwing's operations in New York.

Plaintiff's cause of action against Sunwing therefore must be dismissed.[3]

---

[3] Sunwing also argues that "Sunwing Travel Group, Inc., a foreign corporation, does not own or operate the Royalton Riviera Cancun Resort and Spa where Plaintiff was allegedly injured." (Def. Br., Dkt. 17, at 1.) But the Complaint alleges that "Sunwing Travel Group purchased Royalton Luxury Resorts including the all-inclusive Royalton Riviera Cancun Resort & Spa." (Complaint, Dkt. 2, at 3.) As noted, the Court accepts Plaintiff's factual allegations for purposes of Sunwing's motion. *See Dane*, 974 F.3d at 188.

9

### III.     Leave to Amend and *Sua Sponte* Discovery Order

The Court grants Plaintiff the opportunity to amend her complaint to allege facts supporting personal jurisdiction over Defendant in this Court. *See* Fed R. Civ. P. 15(a); *see, e.g.*, *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the *pro se* complaint gives any indication that a valid claim might be stated." (brackets omitted)). Further, finding that *pro se* Plaintiff has alleged sufficient facts regarding Defendant's contacts with New York State to warrant jurisdictional discovery, the Court *sua sponte* directs that the parties engage in jurisdictional discovery over the next sixty (60) days from the date of this Order. (*See* 01/13/2022 Minute Entry, *Ewen v. Royalton Luxury Resort et al.*, 21-CV-3504 (PKC) (RLM) (E.D.N.Y.) (ordering limited jurisdictional discovery in a similar case)); *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (noting that "a court may . . . order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record" (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003)). Plaintiff will have thirty (30) days after the close of the sixty-day discovery period to file an amended complaint. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the amended complaint completely replaces the original complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint.

### CONCLUSION

Defendant Sunwing Travel Group's motion to dismiss is granted. The parties will engage in jurisdictional discovery for the next sixty (60) days. Plaintiff may file an amended complaint thirty (30) days after close of the jurisdictional discovery.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 28, 2022
       Brooklyn, New York